IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-122-FDW

| | |
|---|---|
| CALVIN LEVERNE CORPENING, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| WENDALL HARGRAVE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the court on Plaintiff's Motion for Order to Reinstate Medical Restrictions, (Doc. No. 10), and on Plaintiff's Motion for Order to Expedite Transfer to Randolph Correctional Institution, (Doc. No. 11).

**I.    BACKGROUND**

On July 14, 2014, pro se Plaintiff Calvin Corpening, a state court inmate currently incarcerated at Alexander Correctional Institution, filed this action under 42 U.S.C. § 1983. Plaintiff alleges that, as a former Marine Corp member, he has medical disabilities for which he is entitled to various accommodations while at the prison, but that prison staff refused to follow an order by a nurse practitioner regarding Plaintiff's restrictions, thus, violating his rights under the Americans with Disabilities Act and the U.S. Constitution. Plaintiff also alleges that prison staff allowed or promoted the tampering of various reasonable accommodation requests by Plaintiff and failed to submit documents necessary to initiate the accommodations to which Plaintiff was entitled; that staff refused to feed Plaintiff a specific diet that he required; and that staff has allowed the theft of Plaintiff's property by other inmates. (Doc. No. 1 at 3-4). As

-1-

relief, Plaintiff seeks the following:

> I have requested and [am] seeking that I be given my ordered diet, disability gain time and that it be retroactive, possible early release, administrative action be taken on those involved in the theft of my personal property those that investigated it, those providing false statements and allegations relation to it, and all that have and/or are continuing to violate them.

(Id. at 4). On August 19, 2014, Plaintiff filed the pending motions for order to reinstate medical restrictions and for order to expedite transfer to Randolph Correctional Institution. (Doc. Nos. 10; 11). On August 22, 2014, this Court granted a motion by Plaintiff to amend his Complaint. Plaintiff has not yet filed a proposed amended complaint.

## II. DISCUSSION

In Plaintiff's Motion for Order to Reinstate Medical Restrictions, he seeks to have the Court "reinstate" certain medical restrictions previously imposed by a nurse, whom Plaintiff identifies as "Deal," based on Plaintiff's various alleged medical disabilities. (Doc. No. 10 at 1). Plaintiff alleges that the medical restrictions were "unjustifiably removed without proper medical consideration," and Plaintiff seeks reinstatement of the medical restrictions "pending the outcome of these proceedings along with reasonable accommodations afforded those restrictions." (Id.). Plaintiff also seeks an order from this Court requiring the North Carolina Department of Public Safety to expedite and honor Plaintiff's request to be transferred to Randolph Correctional Institution until the conclusion of this case or until the conclusion of Plaintiff's sentence. Plaintiff contends that transfer is needed because the prison staff at Alexander has retaliated against Plaintiff for his accommodation requests and for filing this lawsuit. Plaintiff alleges that "[l]ack of assistance and/or responses from D.P.S. staff/administration on this matter require this motion granted to allow for fairness completing

this civil matter." (Doc. No. 11 at 1).

In both of his motions, Plaintiff is essentially seeking a preliminary injunction from this Court. A preliminary injunction is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

Reviewing Plaintiff's motions based on the above factors, the Court finds that Plaintiff is not entitled to preliminary injunctive relief as to either of his motions. Specifically, in support of his motion for order to reinstate medical restrictions, Plaintiff has not shown that he is likely to succeed on the merits or that his medical conditions are being irreparably harmed during the pendency of this action. Indeed, in the motion, Plaintiff has neither identified his alleged medical conditions nor the alleged restrictions that he seeks to have reinstated.

Next, as for Plaintiff's motion seeking transfer away from Alexander Correctional Institution, a prisoner has no constitutional right to be housed in a particular facility. Olim v.

Wakinekona, 461 U.S. 238, 244-46 (1983). Plaintiff alleges that he needs to be transferred during the pendency of this action "to allow for fairness" and because he has "concerns" about inmate and/or staff retaliation. At most, Plaintiff has presented conclusory allegations of retaliation by prison staff since filing this lawsuit, which is not enough to warrant transfer to another prison. The Court will therefore deny the motion to expedite transfer.

### III. CONCLUSION

For the reasons stated herein, the Court will deny Plaintiff's Motion for Order to Reinstate Medical Restrictions and Plaintiff's Motion for Order to Expedite Transfer to Randolph Correctional Institution.

**IT IS, THEREFORE, ORDERED** that:

Plaintiff's Motion for Order to Reinstate Medical Restrictions, (Doc. No. 10), and Plaintiff's Motion for Order to Expedite Transfer to Randolph Correctional Institution, (Doc. No. 11), are **DENIED**.

Signed: August 29, 2014

Frank D. Whitney
Chief United States District Judge