**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-122-FDW**

| | |
|---|---|
| CALVIN LEVERNE CORPENING, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WENDALL HARGRAVE, et al., ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Appoint Counsel, (Doc. No. 16), and on Plaintiff's Motion for Expedited Trial, (Doc. No. 17).

**I.     BACKGROUND**

On July 14, 2014, pro se Plaintiff Calvin Corpening, a state court inmate currently incarcerated at Alexander Correctional Institution, filed this action under 42 U.S.C. § 1983. Plaintiff alleges that, as a former Marine Corp member, he has medical disabilities for which he is entitled to various accommodations while at the prison, but that prison staff refused to follow an order by a nurse practitioner regarding Plaintiff's restrictions, thus, violating his rights under the Americans with Disabilities Act. Plaintiff also alleges that prison staff allowed or promoted the tampering of various reasonable accommodation requests by Plaintiff and failed to submit documents necessary to initiate the accommodations to which Plaintiff was entitled; that staff refused to feed Plaintiff a specific diet that he required; and that staff has allowed the theft of Plaintiff's property by other inmates. (Doc. No. 1 at 3-4). As relief, Plaintiff seeks the following:

> I have requested and [am] seeking that I be given my ordered diet, disability gain time and that it be retroactive, possible early release, administrative action be taken on those involved in the theft of my personal property those that investigated it, those providing false statements and allegations relation to it, and all that have and/or are continuing to violate them.

(Id. at 4). On August 22, 2014, this Court granted a motion by Plaintiff to amend his Complaint. Plaintiff has not yet filed a proposed amended complaint. On September 12, 2014, Plaintiff filed the pending motion to appoint counsel and motion for expedited trial.

**II.     DISCUSSION**

In support of the motion to appoint counsel, Plaintiff states that because he is incarcerated he does not have the ability to investigate or engage in discovery of his claims and he also contends that he is unable to correspond with defense counsel effectively on his own. See (Doc. No. 16). There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, Plaintiff has not shown exceptional circumstances justifying appointment of counsel at this time. Therefore, Plaintiff's Motion to Appoint Counsel will be denied.

Next, the Court will also deny Plaintiff's motion to expedite trial, as he has failed to show the need to expedite proceedings in this matter, particularly since Plaintiff has not yet submitted a proposed amended complaint and Defendants have not been served with process.

Finally, the Court notes that Plaintiff has not submitted a proposed amended complaint since being granted the right to do so from the Court on August 14, 2014. If Plaintiff does not submit a proposed amended complaint within ten days of this Order, the Court will conduct an

initial review of the original complaint. As the Court stated in its earlier order, Plaintiff's proposed amended complaint must include any and all allegations against any and all defendants he wishes to bring suit against. Plaintiff may not amend his complaint in piecemeal fashion. Thus, any allegations or defendants not included in the proposed amended complaint will no longer be part of this action, as any amended complaint will supersede and render moot the original complaint.

### III.  CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Appoint Counsel, (Doc. No. 16), and Plaintiff's Motion to Expedite Trial, (Doc. No. 17), are **DENIED**.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Appoint Counsel, (Doc. No. 16), and Plaintiff's Motion for Expedited Trial, (Doc. No. 17), are **DENIED**.

(2) If Plaintiff does not submit to the Court a proposed amended complaint within ten days of service of this order, this Court will conduct an initial review based on the allegations in the original Complaint so that this action may proceed.

Signed: October 31, 2014

Frank D. Whitney
Chief United States District Judge