UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-122-FDW

| CALVIN LEVERNE CORPENING, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| WENDELL HARGRAVE, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on its own motion following receipt of Plaintiff's Amended Complaint.

## I. BACKGROUND

On July 14, 2014, pro se Plaintiff Calvin Corpening, Jr., filed this action pursuant to 42 U.S.C. § 1983, and pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq. Plaintiff filed an Amended Complaint on November 13, 2014.[1] Plaintiff has named as Defendants seven individuals who are identified as employees of Alexander Correctional Institution ("Alexander"). (Doc. No. 1). In this action, Plaintiff alleges that he is suffering from various disabilities that severely limit him in the jobs that he is able to perform in prison. Plaintiff purports to bring an ADA claim against Defendants based on the fact that prison officials at Alexander denied an ADA reasonable accommodations request submitted by Plaintiff related to his work abilities while at the prison. Plaintiff also appears to be attempting to bring

---

[1] North Carolina Department of Public Safety Records show that Plaintiff was released from custody on November 13, 2014, and he is no longer in prison. Plaintiff was incarcerated at Alexander when he filed this action.

-1-

an Eighth Amendment claim based on deliberate indifference to serious medical needs arising out of medical treatment he received at Alexander and the diet he received.

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege

or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

As noted, Plaintiff purports to bring a claim in this action under Title II of the ADA. Plaintiff's ADA claim, like all prisoner conditions claims asserted by inmates, must be exhausted before it can brought to federal court. See 42 U.S.C. § 1997e(a); see also O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060-61 (9th Cir. 2007) (holding that the PLRA requires exhaustion of administrative remedies before an action may be brought under any federal law, including the ADA and Rehabilitation Act). Plaintiff's attached exhibits show that prison officials at Alexander denied Plaintiff's reasonable accommodations request on July 3, 2014, determining that Plaintiff "has been found eligible to participate in a full-time job or program and earn the appropriate sentence credits." (Doc. No. 6-4 at 15). The denial was indicated on a prison form titled an "Inmate Reasonable Accommodation Request Determination Form." The form explains that "[a]n inmate has the right to file a grievance through the inmate grievance process should he/she not agree with the determination made regarding a request for reasonable

accommodation.[2] Plaintiff filed his original Complaint on July 14, 2014, eleven days after the denial of the reasonable accommodations request that gave rise to Plaintiff's purported ADA claim against Defendants, and Plaintiff has alleged ADA violations in both the original Complaint and Amended Complaint. Despite asserting that he exhausted his administrative remedies as to his ADA claim, Plaintiff has attached no grievances showing that he exhausted his administrative remedies as to this claim between the time the prison denied his request for reasonable accommodation on July 3, 2014, and before he filed this lawsuit on July 14, 2014, or at any time since then. Therefore, Plaintiff's ADA claim appears to be subject to dismissal for failure to exhaust administrative remedies. Before dismissing the ADA claim for failure to exhaust administrative remedies, out of an abundance of caution, the Court will grant Plaintiff the opportunity to submit documents showing this Court that he submitted a grievance alleging an ADA violation and that he pursued the grievance through all steps of the grievance process.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff shall have twenty days in which to submit to this Court documents showing that he filed a grievance and proceeded through all Three Steps of the grievance process with regard to his claim in this action brought under the ADA. Plaintiff's failure to submit a timely response will result in the dismissal of Plaintiff's ADA claim for failure to exhaust without further notice to Plaintiff. To the extent that Plaintiff also purports to bring an Eighth Amendment claim in the Amended Complaint, the Court will conduct an initial review as to this claim after the Court

---

[2] While the actual denial was made on July 3, 2014, the form indicates that Plaintiff was served with the form on July 16, 2014.

resolves the issue of administrative exhaustion of Plaintiff's ADA claim.

Signed: May 8, 2015

Frank D. Whitney
Chief United States District Judge